# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * *
JOAN CAVES,                          *      No. 07-443V
                                     *      Special Master Christian J. Moran
                Petitioner,          *
                                     *
v.                                   *      Filed: January 18, 2013
                                     *
SECRETARY OF HEALTH                  *      Motion for reconsideration;
AND HUMAN SERVICES,                  *      medical expert fees
                                     *
                Respondent.          *
* * * * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., for Petitioner;
Michael P. Milmoe, United States Dep't of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION[*]

On January 10, 2013, petitioner filed a motion for reconsideration ("Motion") of the decision awarding attorneys' fees and costs ("Fees Decision"), which issued on December 20, 2012. In particular, petitioner requests additional review of the reduction in the amount awarded Dr. Derek Smith. Because petitioner had opportunity to submit evidence prior to the Fees Decision, her motion is DENIED.

## I.     Procedural History

On July 27, 2012, petitioner filed an application for attorneys' fees and costs, which included an invoice from Dr. Smith dated June 18, 2010. As discussed in the Fees Decision, Dr. Smith's invoice contained only three entries to account for 88.9 hours he spent over the course of a year on Ms. Caves's case. Motion for Fees, Tab B, at 23. Respondent "strenuously" opposed Dr. Smith's request, stating that she "cannot fathom

---

[*] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

1

how Dr. Smith could have spent that much time on this case when his report was only two pages long, and was general in nature." Moreover, the entire hearing "lasted little over six hours." Respondent suggested that, "at a minimum, Dr. Smith's bill be reduced by half." Resp't Resp. at 12, filed Sept. 7, 2012.

On September 28, 2012, petitioner replied to respondent's objection, stating simply that the undersigned "has had the opportunity to review the qualifications and observe the testimony of Dr. Smith at hearing. He is an extremely qualified expert. In light of the complicated medical issues, and the medical literature reviewed, his time expended, hourly rate, and fees are reasonable." Pet'r Reply at 13. Petitioner did not file any additional documents from Dr. Smith to support her argument.

On December 20, 2012, the Fees Decision issued. The Fees Decisions accepted the hourly rate proposed for Dr. Smith, which was $400 per hour. The Fees Decision, however, did not see adequate justification for the hours claimed by Dr. Smith. The Fees Decision states that "[w]ithout a detailed invoice, it is difficult, if not impossible, to determine whether all of Dr. Smith's work was necessary or performed in a reasonable amount of time." Dr. Smith's invoice should have "explained how much time was spent on specific tasks," rather than billing in undifferentiated multi-month blocks of time. As the decision noted, "[r]equirements to submit detailed invoices created contemporaneously are well established." Because of the insufficiency of Dr. Smith's invoice, the Fees Decision "estimate[d] from the materials that were provided how much time [Dr. Smith] spent" working on this case. Fees Decision at 14-16.

On January 10, 2013, petitioner filed the motion for reconsideration pursuant to Vaccine Rule 10(e)(1). Simultaneously, petitioner submitted a significantly more detailed invoice (exhibit 47) and a letter from Dr. Smith (exhibit 46). Dr. Smith ends his letter, stating that "the arbitrary and apparently baseless nature of the questioning of [his] recent invoice" has caused him to conclude that his opinions are not valued in the Vaccine Program, as they once were. Consequently, he no longer intends to participate in the Program, which he "believed was serving a useful societal purpose." Id.

## II.     Standard of Motion for Reconsideration

A motion for reconsideration is permitted under Vaccine Rule 10(e), and it is within the special master's "discretion to grant or deny the motion, in the interest of justice." Vaccine Rule 10(e)(3). See also Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed.Cir.1990). A motion for reconsideration will be granted, however, only upon a demonstration of a "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (quoting Circle K Corp. v. United States, 23 Cl. Ct. 659, 664-65 (1991)). It is the burden of the movant to "show either that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously

available has become available; or (c) the motion is necessary to prevent manifest injustice. Brock v. United States, 2010 WL 3199837, at *2 (Fed. Cl. July 20, 2010) (citing Bishop, 26 Cl. Ct. at 286)). In deciding the motion, the special master is not "require[d to provide] a detailed order denying every argument for reconsideration." Doe/17 v. Sec'y of Health & Human Servs., 84 Fed. Cl. 691, 704 n.18 (2008).

### III.    Discussion

Petitioner has not met her burden of demonstrating that reconsideration is warranted under the standard set forth above. Concerning the first prong, Ms. Caves presents no argument that there has been an intervening change in the law; and in fact no change has occurred.

As to the second prong, petitioner has characterized exhibit 47 as new evidence. See Motion at 5. Exhibit 47, however, is not newly available information—the number of hours and amount requested did not change, only the level of detail. Presumably, Dr. Smith knew at least as much about his activities in June 2010, when he prepared his original invoice, as he knew in January 2013, when he prepared exhibit 47.

Respondent's "strenuous[]" objection placed petitioner on notice that Dr. Smith's original invoice was disputed. Although fee applications should be complete when filed, see Duncan ex rel. Duncan v. Sec'y of Health & Human Servs., 2008 WL 4743493, at *1 (Fed. Cl. Aug. 4, 2008), special masters typically allow petitioners to respond to the respondent's specific objections by presenting argument and/or evidence. Petitioner failed to seize this opportunity, choosing instead to submit her reply without any additional evidence or clarification of the invoice. Because petitioner has not shown that the information contained in exhibit 47 was unavailable at the time of the Fees Decision, she has failed to carry her burden on this prong.

The elimination of these two justifications, therefore, leaves petitioner with the burden of showing that the denial of her motion would result in manifest injustice. Petitioner also has not established "manifest injustice." This is simply a case of petitioner being unhappy that the evidence she submitted was not persuasive and wanting a second chance. Motions for reconsideration are not used for this purpose. A motion for reconsideration "does not provide an occasion for a party to raise arguments it neglected to raise at an earlier point in [the] proceedings." Tip Top Const., Inc. v. United States, 2008 WL 4210463, at *3 (Fed. Cl. Sept. 12, 2008) (citing Bernard v. United States, 12 Cl. Ct. 597, 598 (1987)); see also Hall v. Sec'y of Health & Human Servs., 93 Fed. Cl. 239, 251-54 (2010) (denying motion for reconsideration because, in part, petitioner failed to demonstrate denial would result in a manifest injustice).

**IV.    Conclusion**

For the foregoing reasons, petitioner's motion for reconsideration is **DENIED**. Petitioner has failed to show any basis for granting her motion for reconsideration. The December 20, 2012 Fees Decision remains effective. The Clerk's Office shall enter judgment in accord with that decision unless a motion for review is filed.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master
