# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
JOAN CAVES,                  *
                             *        No. 07-443V
              Petitioner,    *        Special Master Christian J. Moran
                             *
v.                           *
                             *        Filed: January 13, 2014
                             *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *        Award of attorneys' fees and costs;
                             *        reasonable number of hours for appellate
              Respondent.    *        briefing on fees
                             *
* * * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner;
Michael P. Milmoe, United States Dep't of Justice, Washington, DC, for respondent.

### PUBLISHED DECISION AWARDING
### SUPPLEMENTAL ATTORNEYS' FEES AND COSTS[1]

Ms. Caves sought compensation pursuant to the National Childhood Vaccine Injury Compensation Program, the provisions of which are found at 42 U.S.C. § 300aa-10 et seq. (2012). After her claim for compensation and her request for attorneys' fees were resolved, Ms. Caves filed the pending request for supplemental fees. The term "supplemental fees" refers to fees incurred in seeking fees, sometimes known as "fees-for-fees."

The Secretary opposed some aspects of Ms. Caves's request. For the reasons explained below, Ms. Caves is awarded $6,653.25 in supplemental fees.

### Procedural History

The origins of this dispute lie in Ms. Caves's petition, filed on June 28, 2007. After evidentiary development, including a hearing at which experts testified, Ms. Caves's claim was

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

denied on November 29, 2010.  Caves v. Sec'y of Health & Human Servs., No. 07-443V, 2010 WL 5557542, at *1 (Fed. Cl. Spec. Mstr. Nov. 29, 2010).  Ms. Caves filed a motion for review with the Court of Federal Claims ("the Court"), which the Court denied.  Caves v. Sec'y of Health & Human Servs., 100 Fed. Cl. 119 (2011).  The Federal Circuit affirmed the Court's judgment in an order issued on February 14, 2012, four days after the panel held oral argument.  Caves v. Sec'y of Health & Human Servs., 463 Fed. App'x 932 (Fed. Cir. 2012).  The Federal Circuit's disposition concluded proceedings on the entitlement phase of Ms. Caves's claim.

Although Ms. Caves did not receive any compensation, the Vaccine Act authorizes special masters to award attorneys' fees and costs to unsuccessful petitioners.  42 U.S.C. § 300aa-15(e)(1).  On July 27, 2012, Ms. Caves filed a motion for reimbursement for her attorneys' time and costs in pursuing her claim.  The Secretary opposed some aspects, particularly the invoice from Ms. Caves's expert, Dr. Derek Smith.  The Secretary's objections were generally sustained and the amount awarded was less than the amount requested.  One reduced item was the costs associated with Dr. Smith.  This was reduced because his invoice did not provide sufficient information to support his request for reimbursement.  Caves v. Sec'y of Health & Human Servs., No. 07-443V, 2012 WL 6951286, at *12 (Fed. Cl. Spec. Mstr. Dec. 20, 2012) (citing Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683, 688-89 (2009)) ("Fees Decision").

As permitted by Vaccine Rule 10(e), Ms. Caves filed a motion for reconsideration.[2]  The motion was 10 pages.  It included two additional exhibits in support of Dr. Smith's original invoice.  The attorneys' timesheets show that combined, an associate attorney and a paralegal spent one hour on the two exhibits.  The associate attorney spent an additional six hours on drafting the motion for reconsideration.

The motion for reconsideration was denied.  Ms. Caves could have brought forth the information regarding Dr. Smith earlier.  Order, filed Jan. 18, 2013, at 1, 3.

Ms. Caves's attorneys challenged the reduction in Dr. Smith's costs by filing a motion for review.  The associate attorney spent slightly more than nine hours researching case law, drafting the motion, and preparing tables.  Another associate attorney spent 1.5 hours editing the document, which was 18 substantive pages.

The Court denied the motion for review, finding that the special master did not abuse his discretion in awarding only a portion of the costs requested for Dr. Smith.  Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774 (2013).  Ms. Caves did not appeal to the Federal Circuit.

---

[2] The work on the motion for reconsideration essentially begins the most recent invoice for attorneys' fees.  See Pet'r's Application for Final Attorneys' Fees, filed Oct. 2, 2013, Tab A at 1.

On October 2, 2013, Ms. Caves filed the pending motion for supplemental attorneys' fees and costs.  Pet'r's Application for Final Attorneys' Fees and Costs, filed Oct. 2, 2013 ("First Motion").  The attorneys' time primarily concerns the motion for reconsideration and the motion for review.  First Motion, Tab A, at 1.  The costs are for the transcript of oral argument at the Federal Circuit.  Id.

The Secretary opposed.  Resp't's Response to Petitioner's Application for Final Fees and Costs, filed Nov. 6, 2013 ("Resp't's Resp.").  The Secretary challenged the number of hours spent on briefing the motion for reconsideration and the motion for review.[3]  Id. at 2-3.  The Secretary also challenged the costs for the oral argument transcript.  Id. at 2.

Ms. Caves filed a reply.  As part of her reply, she added $1,306.40 in attorneys' fees.  See Pet'r's Supplemental Application for Final Attorneys' Fees and Costs, filed Nov. 18, 2013 ("Second Motion").   With this submission, the matter is ready for decision.

### Standards for Adjudication

The Court set forth the criteria for awarding attorneys' fees and costs.  Caves, 111 Fed. Cl. at 778-79.  In short, the requested amounts must be reasonable.

### Assessment

Four topics are disputed.  They are (1) the amount of time spent in meetings, (2) the amount of time spent in briefing the motion for reconsideration, (3) the amount of time spent in briefing the motion for review, and (4) the time and costs associated with the transcript for the Federal Circuit oral argument.

#### Meetings

The Secretary challenged how much time attorneys spent in meetings to discuss the motion for reconsideration and the motion for review.  Resp't's Resp. at 2.  The single issue in these two motions was the sufficiency of Dr. Smith's invoice.  This issue is not complicated.  It

---

[3] The Secretary did not argue that Ms. Caves should not have filed her (unsuccessful) motion for review of the December 20, 2012 Fees Decision.  In a case interpreting the Equal Access to Justice Act, the Federal Circuit indicated that the lack of success on an appeal of a decision awarding attorneys' fees may be taken into account in determining the amount of fees for pursuing increased fees.  Wagner v. Shinseki, 640 F.3d 1255 (Fed. Cir. 2011).  In one non-precedential order, the Federal Circuit followed this principle and denied attorneys' fees entirely for an unsuccessful appeal to the Federal Circuit.  See Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2013 WL 1189451, at *3 (Fed. Cl. Spec. Mstr. March 1, 2013) (quoting Federal Circuit order).  However, one judge of the Court of Federal Claims held that Wagner did not speak to the availability of attorneys' fees for unsuccessful fees-for-fees litigation in the Vaccine Program.  Masias v. Sec'y of Health & Human Servs., 106 Fed. Cl. 700 (2012).

was also not a novel issue because the Court addressed this topic in <u>Morse</u>, 89 Fed. Cl. at 688-89, a case Ms. Caves's law firm litigated.  <u>See Morse</u>, 89 Fed. Cl. at 684.  Nonetheless, three senior partners participated in meetings.  <u>See</u> First Motion, Tab A, at 1.  They, in turn, directed the work of an associate.  <u>Id.</u>

Ms. Caves has not persuasively established the need for three senior partners to participate.  One partner and one associate would have sufficed.  Thus, duplication between senior attorneys is eliminated.  This change reduces the attorneys' fees award by $1,028.10.

Briefing Motion for Reconsideration

Of the ten pages in the motion for reconsideration, about seven pages constitute fresh work.[4]  The associate attorney spent six hours.  <u>Id.</u>  This amount of time is reasonable.

Briefing Motion for Review

The motion for review is 18 substantive pages.  It contains material not present in the motion for reconsideration, such as the procedural history and standards of review associated with a motion for review.  In substance, the motion for review presents essentially the same arguments as the motion for reconsideration.  This repetition is not surprising because both motions challenged the decision regarding Dr. Smith's invoice.  However, the motion for review does not contain portions that the attorney simply copied and pasted from one document into another document.  The motion for review contains re-crafted and re-phrased material.  In addition, the motion for review cites to cases that were not included in the motion for review.

In sum, for this work, Ms. Caves's attorneys seek reimbursement for approximately ten hours.  <u>Id.</u> at 2.  If it is assumed that the filing of a motion for review of a decision awarding attorneys' fees is reasonable (<u>see</u> footnote 3), then it is difficult to see how relatively junior attorneys could have spent any less time on the motion for review.  While the Fees Decision reduced the amount of time spent in appellate briefing because of the repetition of arguments from one document to another, 2012 WL 6951286, at *7, Ms. Caves's attorneys took a different approach in the January 22, 2013 motion for review.  A comparison between the motion for reconsideration and the motion for review shows that the two documents are different.  It is evident that the attorney spent time working on the motion for review and a reasonable amount of time for attorney work is nine hours.

The associate attorney also spent an unspecified amount of time preparing tables and other associated parts of the motion for review.  This work could have been delegated to a

---

[4] Page 3 of the motion for reconsideration consists of a lengthy quotation from the December 20, 2012 decision.  Pages 4-6 set forth the legal standards for a motion for reconsideration.  This portion is taken verbatim from previous submissions by petitioner's law firm.

paralegal for a lower cost.  The difference between one hour of associate attorney time and one hour of paralegal time is $100.00.  Thus, the application will be reduced by $100.00.

Time and Costs for Transcript

In December 2012, a paralegal spent one-half hour obtaining a transcript of the Federal Circuit oral argument, which was held on February 10, 2012.  The cost for the transcript was $178.75.

The Secretary challenged this aspect of the fee application.  Ms. Caves has not persuasively explained why she needed the transcript.  An oral recording is available from the Federal Circuit's website for free.  Moreover, the ten-month delay in obtaining the transcript also raises questions about Ms. Caves's need for the transcript.  By the time the law firm obtained the transcript, Ms. Caves's case (except for the attorneys' fees) was over.  The law firm has not established that a paying client would order and pay for a transcript that would not affect the outcome of the client's case.  Thus, the paralegal fees ($55.00) and the costs ($178.75) will be eliminated.[5]

**Conclusion**

This table reflects the mathematical calculations:

| Activity | Amount |
|---|---|
| Application for Supplemental Attorneys' Fees, filed Oct. 2, 2013 | $6,529.95 |
| Reduction for Meetings | -$1,028.10 |
| Reduction for Creation of Tables associated with Motion for Review | -$100.00 |
| Reduction for Obtaining Transcript | -$55.00 |
| Attorneys' Fees for Reply, filed Nov. 8, 2012 | $1,306.40 |
| TOTAL | $6,653.25 |

Ms. Caves has established a reasonable amount of attorneys' fees for her work in pursuing additional attorneys' fees is $6,653.25.  A check shall be made jointly payable to Ms. Caves and her law firm, Conway, Homer & Chin-Caplan, P.C., in the amount of **$6,653.25** for its fees.  The Clerk's Office is instructed to enter judgment in accord with this decision unless a motion for review is filed.[6]  In addition, pursuant to Vaccine Rule 28.1, the Clerk's Office shall provide this decision to the presiding judge.

---

[5] Because the only item of costs was for the transcript, this decision awards no costs to Ms. Caves.

[6] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master